UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             Case No. 16-20414-1

DEMARCO TEMPLE,                              HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING
DEFENDANT'S MOTION FOR REVOCATION
OF ORDER OF DETENTION (Doc. 69)**

I.

This is a criminal case. Defendant is charged in the Superceding Indictment along with ten (10) co-defendants with conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. Following a hearing by a magistrate judge, defendant was ordered detained pending trial (Doc. 30). Before the Court is defendant's motion to revoke the detention order (Doc. 69). For the reasons that follow, the motion will be denied.

II.

During the course of consideration of the motion, which included several hearings and briefs by the parties, the Court entered an order styled Order Deferring Consideration of Defendant's Motion for a Revocation of Order of Detention (Doc. 95). The deferral was pending the filing of the Second Superseding Indictment (Doc. 97). In

this indictment, defendant is charged in several counts. Specifically, he is charged with Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846, Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(o), and multiple counts (21 in total) of Distribution of a Controlled Substance; Serious Bodily Injury resulting, in violation of 21 U.S.C. § 841 (overt acts).

Count One, the drug conspiracy charge, includes an ENHANCED PENALTY which reads in part:

> 21 U.S.C. §841(b)(1) - Death or Serious Bodily Injury
> Resulting From Use of Controlled Substance

If convicted on the charges again him, defendant faces a mandatory minimum sentence of 20 years. Under the circumstances, there is a rebuttable presumption for detention. See 18 U.S.C. § 3142(e)(3). Defendant may rebut the presumption with evidence suggesting he is not a risk of fight or danger to the community.

III.

To determine whether release is in order, the Court considers four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the danger to the community. See 18 U.S.C. § 3142(g). Moreover, in Unites States v. Stone, 608 F.3d 939, 947 n.6 (6th Cir. 2010), cited by the government, the Court of Appeals for the Sixth Circuit observed that it "routinely affirms, on dangerousness grounds, the pre-trial detention of

run-of-the mill drug dealers, even without any indication that the defendant has engaged in violence."[1]

IV.

Here the magnitude of the charges against defendant, including the allegation that defendant is a leader in a wide spread drug trafficking organization, as well as the severity of the punishment defendant faces if convicted, persuades the Court that the presumption applies and defendant has not overcome it. While the Court is not persuaded as urged by the government that the defendant if free on bond will undoubtedly return to drug dealing, it is persuaded that detention is in order.

The Court is aware that detention in this District is not well managed, notwithstanding the efforts of the U.S. Marshal's Service which is responsible for the custody of detainees. Several county jails in southeastern Michigan are places of confinement, each a far distance from Detroit. Transportation to and from these jails is long and arduous, and detention is not inexpensive. Also, family visits require a good deal of effort and impose a financial burden on the relatives of detainees.

Given what the Court has just said above, the Court will reconsider detention of defendant following the January 27, 2017, scheduled conference and the "ready for trial" status of the case.

---

[1] The government should take care in citing Stone. In Stone, the Court of Appeals reversed an order vacating a detention order on the grounds as urged by the government that defendant, as a terrorist, represented a serious threat to the safety of the community. The defendant went to trial. At the conclusion of a lengthy trial, the government agreed to a plea by the defendant to a charge of possession of a machine gun, with a guideline sentence of 33 to 41 months. Defendant immediately went free on bond and was thereafter sentenced to 24 months; with credit for time served he was a free man. Stone is long on law and short on facts.

Accordingly, defendant's motion to revoke the detention order is DENIED.

SO ORDERED.

                                              S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: November 15, 2016
       Detroit, Michigan