UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                Case No. 16-20414-1

DEMARCO TEMPO, et al.,                                  HON. AVERN COHN

    Defendants.

_____/

## ORDER DENYING MOTION TO SUPPRESS SEARCH WARRANT (Doc. 251)

I.

This is a criminal case. The charges involve conspiracy to distribute heroin and of specific drug transactions. There are multiple defendants, including DeMarco Tempo (Tempo).

Before the Court is Tempo's motion to suppress evidence obtained through electronic surveillance, particularly a tracking device placed in a Dodge Durango driven by Tempo (Doc. 251). The government has responded (Doc. 260). For the reasons that follow, the motion is DENIED.

II.

The placement of the tracking device was authorized by a State district court judge based on an affidavit of an officer of the Warren Police Department Special Investigations Division. The affidavit describes in detail, based on interviews of three (3) separate persons, telephone calls from drug purchasers to drug sellers to purchase

heroin, and the delivery of heroin. The telephone numbers are linked to a particular address where a Dodge Durango was observed. The owner of the vehicle is a leasing company. The tracking device was placed on the Dodge Durango. For a period of time law enforcement tracked the Dodge Durango. Tempo was the driver of the vehicle. Tempo was not the lessee of the vehicle, nor did Tempo have a valid driver's license during the time the vehicle was tracked.

III.

A.

The government says that Tempo's motion should be denied because it does not identify the evidence sought to be suppressed. The Court agrees. "[T]he beginning point of any Motion to Suppress should be to specify the evidence the party seeks to suppress." United States v. Starks, 193 F.R.D. 624, 626 (D. Minn. 2000). Tempo's requested relief is phrased in only the most general terms – "evidence obtained from an unlawfully obtained search warrant," (Doc. 251 at 1); "all evidence derived from the unlawful warrant," Id. at 2; "any evidence derived [from the warrant]," Id. at 5; "all evidence derived from the search warrant," Id. at 14. These statements are not sufficient to identify the evidence sought to be suppressed.

B.

The government also says that the motion should be denied because Tempo has no expectation of privacy in the Dodge Durango. Although real-time tracking of a vehicle is a Fourth Amendment search, one challenging the search must have a valid property interest in the vehicle. See United States v. Jones, 565 U.S. 400, 405 (2012). Tempo has not established that he had a cognizable interest in the vehicle either when

2

the tracking device was installed or while it was being monitored. He admits he did not own the vehicle and does not claim to be an authorized user. Tempo simply cannot challenge the search of property that does not belong to him. United States v. Tropiano, 50 F.3d 157, 161 (2d Cir. 1995) (stolen car); United States v. McRae, 156 F.3d 708, 711 (6th Cir. 1998) (vacant house); United States v. Lanier, 636 F.3d 228, 232 (6th Cir. 2011) (hotel overstay without permission); United States v. Lnu, 544 F.3d 361, 366 (1st Cir. 2008) (defaulting rental storage unit tenant).

C.

Finally, the government also says that the search warrant itself, regardless of Tempo's ability to challenge it, is supported by probable cause. The Court agrees. As fully explained in the government's response, the affidavit in support of the search warrant contained specific, recent, detailed, first-hand information from three witnesses who were known to the affiant. The information was also independently verified.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 5, 2017
     Detroit, Michigan