UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

                                 Case No. 16-20414

Demarco Tempo,                    Sean F. Cox
                                          United States District Court Judge

    Defendants.
_____/

## ORDER DENYING RULE 33 MOTION (ECF No. 739)

This matter is before the court on Defendant Demarco Tempo's motion for a new trial under Fed. R. Crim. P. 33. For the reasons below, the Court shall DENY this motion.

## BACKGROUND

After a nineteen-day trial, a jury convicted Defendant Demarco Tempo of various drug trafficking offenses, including several counts of distribution of a controlled substance resulting in the serious bodily injury or death of another person, on March 22, 2019. That day, Tempo filed his written motion for judgment of acquittal under Fed. R. Crim. P. 29, which the Court denied on April 17, 2019.

On April 8, 2019, Tempo's then-counsel filed a motion to withdraw and a motion for extension of time to file a Rule 33 motion. At a hearing on April 26, 2019, the Court granted the motion to withdraw and took the motion for an extension under advisement. New counsel was appointed for Tempo, and the Court scheduled a status conference for May 22, 2019. At the status conference, Tempo's counsel renewed the motion for an extension of time to file a Rule 33 motion.

1

The Court granted an extension. The Government objected to the timeliness of the motion, but reserved its objection to be addressed in the briefing on the motion itself.

On September 16, 2019, Tempo filed his motion for a new trial under Fed. R. Crim. P. Rule 33. (ECF No. 739). Generally, Tempo raises three arguments. First, he argues that each of his convictions are against the manifest weight of the evidence. He provides detailed arguments as to each count. (ECF No. 739, PageID 6874-6888). Second, he argues that the Government should have been required to admit post-overdose, drug-screening blood tests of the victims to show the cause of the overdoses. Third, he argues that the Court erred when it failed to instruct the jury that the Government must have proven proximate cause to convict Tempo of the "serious bodily injury or death resulting" penalty enhancements.

On September 30, 2019, the Government responded, renewing its timeliness objection and attacking Tempo's motion on the merits. (ECF No. 743).

**ANALYSIS**

Rule 33 allows the Court, upon Defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." A Rule 33 motion "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007). "Generally, such motions are granted only 'in the extraordinary circumstances where the evidence preponderates heavily against the verdict.'" *Id*. at 592-93 (quoting *United States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich. 1979)). "A district judge, in considering the weight of the evidence for purposes of adjudicating a motion for new trial, may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *Hughes*, 505 F.3d at 593 (citing *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998)). Courts

also "widely agree[] that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *See United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010).

Even assuming that Tempo's Rule 33 motion is timely, the Court concludes that it is meritless. First, having been present during the trial, and considering the credibility of witnesses and the weight of the evidence, the Court concludes that this case is not one of the extraordinary circumstances where the evidence preponderates heavily against the verdict. Tempo's arguments to the contrary (ECF No. 739, PageID 6874-6888), are unpersuasive.

Second, the Court agrees with the Government that there is no legal requirement that blood tests be admitted to establish that a serious bodily injury or death resulted from the use of a substance distributed by Tempo. *See Cockrell v. United States*, 2017 WL 1088339 at *3 (E.D. Tex. March 22, 2018) ("[T]here is no bright-line rule requiring toxicology reports or expert testimony to prove but-for causation in every case that involves drug overdose."). Tempo's reference to cases where blood tests were admitted only shows that the Government can offer blood tests, not that it must. The Court concludes that the Government offered sufficient evidence for the jury to conclude that each serious bodily injury or death resulted from the use of a substance distributed by Tempo. Accordingly, this argument is meritless.

Finally, Tempo's argument that the jury should have received a proximate-cause instruction regarding the "serious bodily injury or death resulting" penalty enhancements has already been rejected by the undersigned and the Honorable Avern Cohn, who handled all pre-trial proceedings in this case. In re-raising this argument, Tempo now cites *United States v. Jeffries,* Case No. 16-CR-180 (N.D. Ohio, order filed on October 1, 2018), a case where the Honorable Solomon Oliver, Jr., held that failure to give a proximate-cause jury instruction in a "death-resulting" case constituted

substantial legal error that required a new trial. (ECF No. 739, PageID 6893-6911). The Government has appealed Judge Oliver's order, and that case is currently pending at the Sixth Circuit.

The Court has read and considered Judge Oliver's order but, respectfully, is not persuaded to reconsider its earlier determination that a proximate-cause jury instruction is not appropriate. (ECF No. 727, PageID 6625); (ECF No. 270).

## CONCLUSION

For the reasons above, the Court **DENIES** Tempo's motion for a new trial.

**IT IS SO ORDERED**.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge